**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Arkein Campbell, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>City of North Charleston, Eddie Driggers, )<br>in his Official Capacity as Former Chief )<br>of Police of the North Charleston Police )<br>Department, and Katelyn Arnold )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:20-cv-00959-RMG<br><br><br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15), recommending the Court grant Defendant's motion to dismiss and grant in part, deny in part Defendant's motion to strike part of Plaintiff's complaint. (Dkt. No. 5). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.   Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and S.C. Code Ann. §§ 15-78-10, *et seq*. (South Carolina Tort Claims Act). Plaintiff alleges that Defendant Katelyn Arnold and Defendant North Charleston Police Department ("NCPD") used excessive force against him during the course of an arrest on January 9, 2018, violating his Fourth and Fourteenth Amendment rights. (Dkt. No. 1-1 ¶ 1–2.) Specifically, Plaintiff alleges Defendant Arnold walked up to him while he lay face down on the ground in handcuffs and tased him repeatedly, causing him injury. (*Id.* ¶ 13.) Plaintiff alleges that "because of the inconsistent and undefined standards in NCPD's noncompliance and physical force policies on taser use, as well as the failure of NCPD to properly train or supervise the use of said policies, Defendant City of North Charleston, [Defendant] NCPD, and [Defendant Eddie] Driggers facilitated and caused

2

Plaintiff's injuries." (*Id.* ¶ 14). Plaintiff alleges the City of North Charleston was deliberately indifferent to Defendant Arnold's actions in violation of 42 U.S.C. § 1983. Further, Plaintiff alleges Defendant Arnold's conduct violated the South Carolina Tort Claims Act.

Plaintiff brings the following claims: (1) improper seizure, excessive force and due process violations in violation of 42 U.S.C. § 1983 as to Defendant Arnold; (2) deliberate indifference in violation of 42 U.S.C. § 1983 as to the City of North Charleston and NCPD; (3) negligence and gross negligence as to Defendant Driggers in his Official Capacity, NCPD, and the City of North Charleston in violation of the South Carolina Tort Claims Act.[1] On March 10, 2020, Defendant City of North Charleston filed a partial motion to dismiss and to strike certain portions of the complaint. (Dkt. No. 5). Plaintiff filed a response in opposition on April 15, 2020 (Dkt. No. 12) and Defendant filed a reply. (Dkt. No. 13). On April 29, 2020, the Magistrate Judge issued an R & R recommending the Court grant Defendant's motion to dismiss and grant in part, deny in part Defendants' motion to strike. (Dkt. No. 15 at 1).

**II.** Standard

A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy

---

[1] On March 10, 2020, the parties entered a stipulation of dismissal to remove NCPD as a party and dismiss Plaintiff's claims as to this Defendant and agreed to dismiss the state law claims against Driggers. (Dkt. Nos. 4; 7).

2

itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Defendant has not filed objections in this case and the R & R is reviewed for clear error.

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* FED. R. CIV. P. 8(a)(2). Although the requirement

of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    **C. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." *Gibson v. Confie Ins. Grp. Holdings, Inc.*, No. 2:16-cv-02872-DCN, 2017 WL 2936219, at *12 (D.S.C. July 10, 2017). "[S]uch motions are to be granted infrequently" and are reviewed for abuse of discretion: "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 Fed. Appx. 239, 246-47 (4th Cir. 2007).

**I. Discussion**

    A. Motion to Dismiss

Defendant asks the Court to dismiss Plaintiff's allegations against Defendant Driggers in his individual capacity. Defendant argues that Plaintiff does not allege any personal participation by Defendant Driggers in the actions that serve the basis of Plaintiff's § 1983 claims against Defendant Driggers in his individual capacity. (Dkt. No. 5 at 2–4). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government employee in his personal capacity. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

In addition, the Complaint alleges that Defendants violated certain of the plaintiff's "Federal and state Constitutional rights." (Dkt. No. 1-1 ¶ 67).  Defendant argues that Plaintiff's claims under the South Carolina Constitution should be dismissed because "South Carolina has no statutory equivalent to 42 U.S.C. § 1983 which gives rise to a private cause of action for money damage," and because "the state constitutional claims are barred by sovereign immunity." (*Id.* at 3–4.)  In his response, Plaintiff consents to the dismissal of these claims. (Dkt. No. 12 at 1).  Plaintiff states that he does not "oppose the dismissal of any claims or the removal of any language suggesting claims against [Defendant] Driggers in his individual capacity.  Plaintiff furthermore would consent to amending his Complaint to clarify and remove any language therein indicating claims based directly on the South Carolina Constitution as long as said agreement does not unreasonably extend to certain South Carolina Statutes . . . ."  (Dkt. No. 12 at 1).  The Magistrate Judge correctly concluded that Plaintiff's claims against Defendant Driggers in his individual capacity and claims under the South Carolina Constitution should be dismissed as Plaintiff does not oppose the dismissal.

B. **Motion to Strike**

Defendant moves to strike paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 43, 44, 45, 46, 47, 48, 49 and the last sentence of paragraph 35 from the Complaint because the statements are unnecessary and prejudicial to Defendant.  (Dkt. No. 5-1 at 5–8).  Plaintiff argues the statements are necessary to his claims for deliberate indifference against the City of North Charleston, demonstrating a "longstanding and pervasive custom" of disproportionate taser use on African-American individuals.  (Dkt. No. 12 at 2–4.) The Magistrate Judge correctly viewed these allegations as elements of Plaintiff's deliberate indifference claim against Defendant, City of North Charleston.

First, Defendant moves to strike Paragraphs 25–29 from the Complaint. These paragraphs describe statistics of taser use by NCPD officers and reference lawsuits previously brought against NCPD for inappropriate taser use. (Dkt. No. 1-1 at 7–8). These paragraphs report accusations NCPD officers abused the use of tasers and describes a Post and Courier statistic indicating that NCPD officers disproportionately use tasers on African-Americans. Defendant argues these paragraphs should be stricken from the complaint because they relate to persons, employees, and situations totally separate and apart from the instant action. In addition, Defendant argues these allegations are remote in time, having occurred ten and twelve years prior to the incident alleged in the complaint. (Dkt. No. 5-1 at 5). Plaintiff argues these paragraphs lay the foundation for the elements required for a municipal liability claim to demonstrate the City of North Charleston had notice that its officers were disproportionately using the taser on African-American suspects. (Dkt. No. 12 at 2.)

To establish a deliberate indifference claim against the City of North Charleston, Plaintiff is required to show the City of North Charleston had knowledge of prior taser use issues. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (stating that deliberate indifference requires proof that the defendant "consciously disregard" a known risk). The Magistrate Judge correctly concluded these paragraphs relate to and are logically connected to Plaintiff's claims. (Dkt. No. 15 at 8). The Magistrate Judge correctly concluded that Defendant would not be prejudiced by these allegations because the complaint is not submitted to the jury and the jury is questioned about prior knowledge of the case prior to jury selection. (Dkt. No. 15 at 9). This Court agrees that paragraphs 25–29 of the complaint should not be stricken.

Second, Defendant moves to strike paragraphs 30–34 of the complaint. Generally, these paragraphs describe certain NCPD noncompliance policies and reports that relate to unwarranted

and excessive taser use that was promoted by the City of Charleston and NCPD to create a custom amongst NCPD officers.  Further, these paragraphs allege a committee recommended changes to NCPD's training and policies, and NCPD officers continue to use tasers disproportionately.  Defendant argues these paragraphs should be stricken because they relate to the state of the NCPD seven years prior to the incident in this case.  In addition, Defendant notes Defendant Arnold was not employed by the City of North Charleston during that time frame. (Dkt. No. 5-1 at 5).  Plaintiff argues these allegations represent a longstanding custom of deliberate indifference by the City of North Charleston for its failure to limit the use of taser misconduct against African-Americans and through a lack of sufficiently well-defined policies regarding the use of tasers and failure to train officers on the appropriate use of tasers.  (Dkt. No. 12 at 3) To establish a deliberate indifference claim, Plaintiff is required to demonstrate the City of Charleston's failure to address a known risk of harm.  *Farmer*, 511 U.S. at 839.  The Magistrate Judge correctly concluded that paragraphs 30–34 are necessary to establish Plaintiff's claim of deliberate indifference against the City of North Charleston and should not be stricken from the complaint.  (Dkt. No. 15 at 10).

  Third, Defendant moves to strike paragraphs 43– 49 from the complaint.  These paragraphs allege statistics regarding NCPD's taser use between 2010 through 2014 and compares the statistics to another city in which officers used tasers less.  In addition, these paragraphs allege that NCPD's taser use was disproportionately utilized on African-American populations, and that public interest and human rights groups criticized the NCPD's taser practice and failure to develop more stringent training policies.  Further, these paragraphs allege that Defendant continue to use tasers in response to physical force despite public criticism. Last, these paragraphs allege Defendant City of North Charleston and Defendant Driggers allowed

these policies and practices to create a custom throughout NCPD. Defendant argues these paragraphs should be stricken because they relate to persons, employees, and situations totally separate and apart from the instant suit, are remote in time, and fail to allege Defendant Arnold was involved. (Dkt. No. 5 at 5–6). Defendant argues that these allegations were included to prejudice Defendant and have no bearing on the facts of the case. (*Id.*) Plaintiff argues the paragraphs allege facts and inferences that show a lack of proper training and the City of North Charleston's deliberate indifference. (Dkt. No. 12 at 3). Plaintiff argues the allegations relate to the longstanding failure of the City of North Charleston to tighten training policies regarding taser use. (*Id.*) The Magistrate Judge correctly noted that these statements were directly related to Plaintiff's deliberate indifference claim because the allegations tend to show the NCPD may have known of a risk and how NCPD dealt with that risk. (Dkt. No. 15 at 12). The Magistrate Judge correctly ruled that paragraphs 43–49 were not included only for the purpose of inflaming a jury and prejudicing the Defendant as the Complaint would not be submitted to the jury and the jury would be questioned about knowledge of the case prior to jury selection. (*Id.*). The Court agrees with the Magistrate Judge that paragraphs 43–49 should not be stricken from the complaint.

Last, Defendant moves to strike the last sentence of paragraph 35 of the complaint because it references the Walter Scott case. (Dkt. No. 5 at 5.) Paragraph 35 reads:

> "Plaintiff is informed and does believe that after the committee report, Defendant NCPD adopted their current policy, which allows NCPD field officers to use their tasers 'when[they] are required to use physical force for protection from assault and/or take a person into custody' (described as 'physical force policy' or 'policy' herein). Alan Blinder, Manny Fernandez, and Benjamin Mueller, *Use of Tasers Is Scrutinized After Walter Scott Shooting*, N.Y. Times, June 1, 2015, at A1."

(Dkt. No. 1-1 at 9). Defendants argue that reference to such a "highly publicized case that polarized the community [prejudices Defendant]." (Dkt. No. 5 at 5–6). Plaintiff argues this

2

paragraph serves the purpose of demonstrating a custom of deliberate indifference by the City of North Charleston. (Dkt. No. 12 at 2–3). The Magistrate Judge correctly noted that unlike paragraphs 30–34 of the complaint, this allegation does not support Plaintiff's claim of deliberate indifference. (Dkt. No. 15 at 14). Instead, paragraph 35 is prejudicial to Defendant because its reference is not relevant to Plaintiff's claims and draws "unnecessary notoriety" to a highly publicized and polarizing case. (Dkt. No. 15 at 14). Therefore, the Court agrees with the Magistrate Judge that the last sentence of paragraph 35 should be stricken from the complaint as it is immaterial and impertinent to Plaintiff's claims.

I. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court to **GRANT** Defendant City of North Charleston's partial motion to dismiss (Dkt. No. 5). Defendant City of North Charleston's motion to strike (Dkt. No. 5) is **DENIED** as to paragraphs 25–29, 30–34, 43–49, and the motion to strike is **GRANTED** as to the last sentence of paragraph 35. **AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard M. Gergel  
United States District Judge

May 26, 2020  
Charleston, South Carolina

2